25CA1064 Peo v Goodman 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1064
City and County of Denver District Court No. 17CR10088
Honorable Stephen Jon Schapanski, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Laurence Rene Goodman,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE BROWN
Freyre and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Laurence Rene Goodman, Pro Se

¶ 1     Defendant, Laurence Rene Goodman, appeals the district court's May 22, 2025, order denying his Crim. P. 35(c) motion. We affirm.

## I.     Background

¶ 2     A jury convicted Goodman of several non-class 1 felonies, including a violation of the Colorado Organized Crime Control Act. On March 20, 2019, the trial court sentenced him to an aggregate term of thirty years in the custody of the Department of Corrections. Goodman did not follow the appropriate procedures to directly appeal his judgment of conviction to this court.

¶ 3     In 2020, Goodman filed a pro se Crim. P. 35(c) motion alleging several constitutional and jurisdictional defects in his conviction and sentence. The district court denied the motion in a written order. Goodman did not appeal.

¶ 4     Roughly five years later, Goodman filed another Rule 35(c) motion. He asserted four claims: (1) he was denied meaningful access to the court because his right of self-representation was impaired when the trial court failed to ensure he had access to various procedural accommodations; (2) his "ability to prepare for trial and present a meaningful defense" was "obstructed by pretrial

1

detention conditions and judicial rulings that prevented effective participation"; (3) his sentence was grossly disproportionate; and (4) his trial, conviction, and sentence were "contaminated by" the so-called *Chevron* doctrine, which the Supreme Court overruled in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) (*Loper*).

¶ 5    On May 22, 2025, the district court denied the motion, concluding that it was filed outside of the applicable three-year time limit set forth in section 16-5-402(1), C.R.S. 2025, and that Goodman failed to allege any facts that would establish one of the exceptions listed in section 16-5-402(2).  Goodman appeals.

## II.    Discussion

¶ 6    Goodman contends that the district court erred by summarily denying his Crim. P. 35(c) motion.  Reviewing the matter de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we agree with the district court that Goodman's motion is time barred.

### A.    Goodman's Motion Was Untimely

¶ 7    Claims arising under Crim. P. 35(c) are subject to the time limitation set forth in section 16-5-402(1).  A Crim. P. 35(c) claim challenging a non-class 1 felony is time barred if it is filed more than three years after a felony conviction is final.  § 16-5-402(1).

2

¶ 8     Goodman agrees that his judgment of conviction became final when he was sentenced on March 20, 2019.  *See People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006) (where a defendant does not perfect a direct appeal, his conviction becomes final on the date of sentencing).  Absent an exception, Goodman had to file his Crim. P. 35(c) motion by March 20, 2022.  Accordingly, his May 2025 motion was untimely.

### B.     Goodman Failed to Adequately Allege Justifiable Excuse or Excusable Neglect

¶ 9     A defendant's untimely filing of Crim. P. 35(c) claims may be excused if the "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).  It is the defendant's burden to allege and establish justifiable excuse or excusable neglect.  *People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002).

¶ 10     Goodman asserts that he met his burden by "expressly invok[ing section] 16-5-402(2)(d) and cit[ing] *Loper*" — which he argues "qualifies as a 'significant change in the law'" — in his postconviction motion.  But Goodman did not expressly invoke section 16-5-402(2)(d) anywhere in his motion.  And although he

asserted that *Loper* "constitute[d] a material change in law," this allegation alone is insufficient to establish justifiable excuse or excusable neglect.

¶ 11    Even assuming — solely and exclusively for the sake of argument — that *Loper* has any bearing on the actions of a trial court in a criminal case, Goodman did not adequately assert why it constituted a new, substantive rule of constitutional law that should have been applied retroactively to a case on collateral review. *See People v. Rainer*, 2013 COA 51, ¶¶ 24-29, *rev'd on other grounds*, 2017 CO 50.

¶ 12    For these reasons, we perceive no error in the district court's determination that Goodman failed to adequately allege an exception to the time bar.

### III.   New Claims

¶ 13    To the extent Goodman raises new claims on appeal — or attempts to fortify claims that were inadequately raised in his postconviction motion — we will not address them. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v.*

*Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (noting that a defendant may not use a brief on appeal to fortify claims inadequately raised or supported in a Crim. P. 35(c) motion).

## IV.  Disposition

¶ 14    The order denying Crim. P. 35(c) relief is affirmed.

JUDGE FREYRE and JUDGE SCHUTZ concur.